UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE KELLY CLARKE,

        Plaintiff,

   v.

FLYNN, et al.

        Defendants.

No.  2:15-cv-0920 CKD (TEMP) P

ORDER AND FINDINGS AND RECOMMENDATIONS

      Plaintiff, a prisoner at the Shasta County Jail, is proceeding pro se with an action under 42 U.S.C. § 1983. Although plaintiff has not paid the required filing fee and his application to proceed in forma pauperis remains pending, see 28 U.S.C. § 1915(a), the court finds it has sufficient information in the petition to conduct the screening analysis mandated by 28 U.S.C. § 1915A and to recommend that this action be dismissed without leave to amend.

      The court is required to screen complaints brought by prisoners who seek relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6           When considering whether a complaint states a claim upon which relief can be granted,

7    the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and

8    construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416

9    U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by

10   lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive dismissal for failure to

11   state a claim, a pro se complaint must contain more than "naked assertions," "labels and

12   conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp.

13   v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements

14   of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal,

15   556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief must have

16   facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff

17   pleads factual content that allows the court to draw the reasonable inference that the defendant is

18   liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Attachments to a complaint are

19   considered to be part of the complaint for purposes of a motion to dismiss for failure to state a

20   claim.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

21          In this case, the plaintiff has alleged all manner of "treasonous" activities against an

22   extraordinarily large number of defendants, including the Shasta County Sheriff, United States

23   Attorney General Loretta Lynch (as well as her predecessor, Eric Holder), California Governor

24   Jerry Brown, numerous state and federal agencies, at least two churches, National Public Radio,

25   Fox News and Rolling Stone Magazine. These allegations are "too far-fetched to be believed,"

26   which means, for screening purposes, they are "frivolous and should be dismissed." Clinton v.

27   Director, No. CIV-09-0645 DAD P, 2009 WL 799084 at *2 (E.D.Cal. March 24, 2009). See also

28   Neitzke v. Williams, 490 U.S. 319, 327-28 (1989) (stating that 28 U.S.C. § 1915 empowers

federal courts to dismiss "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar").

Although this court frequently grants plaintiffs leave to amend when their pleadings do not pass the screening test described above, the court has discretion not to grant leave to amend patently frivolous allegations if doing so would be futile. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). That is the case here. Therefore this complaint should be dismissed as frivolous, without leave to amend.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that this complaint be dismissed as frivolous and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 11, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

hm
clar0920.f&r